Good morning, your honors. My name is Robert Gonzalez. I represent the plaintiff appellant. I would like to, first of all, address the motion to strike that we filed with the court. I'd like to spend a couple of moments on it, if I may. Yes, a couple of moments. A couple of moments, a couple of minutes. OK. The principal issue in this case is not one that takes anything like 20 minutes. Pardon me? I said the principal issue in this case is not something that should take anything like 20 minutes. Well, I think the principal issue of the court, if we're going to get to the appeal, and that is the question of jurisdiction. I think there was not the magistrate did not have jurisdiction in a judicially enforceable settlement, which was then subsequently made into an order by the trial court. You have several problems. First of all, the referral by Judge Breyer was, in our opinion, faulty. It was not pursuant to 636. It was simply a get over to magistrate Judge Zimmerman's courtroom and settle this case. That's done all the time, isn't it? Pardon me? That's a procedure that's done all the time. The magistrate's just an arm of the court, and it just acts on behalf of the court, right? Well, it might be. I'm sure that we don't have any quarrel with that procedure happening. So it's OK for the magistrate to have the settlement count? Well, as long as there's consent. And are you saying there wasn't here? There was no consent in this case. Was there objection to it when it was made? Well, the problem, of course, is you had an immediate conflict between the plaintiff's attorneys with a motion to withdraw on file that the court refused to entertain. They asked for a 90-day continuance along with that motion to withdraw. Two parties out of four plaintiffs appeared at the settlement conference. The defendant had no one with authority to represent them to settle the case, and it turned into a dispositive proceeding by virtue of Magistrate Judge Zimmerman's making a finding that we now have a judicially enforceable settlement. So you're missing two parties, actually three. The bank is one and two plaintiffs. Well, everybody got a notice to be there, didn't they? Yes, they did. And isn't that sort of an obligation? If you don't show up, why, it's tough for you if you don't come. If they have a settlement conference, it's of no value if nobody shows up. Well, I don't think they've waived the right to object to anything. I mean, because their attorney received notice of the appearance and the parties do not appear, that does not give the court the authority or the right to bind a non-present party to a settlement agreement. Who was present at the settlement conference on behalf of the plaintiffs? Pardon me? Who was present at the settlement conference? Let me finish. Louis DeSimio. On behalf of the plaintiffs. The attorney? Just tell me who was there on the plaintiff's side. Louis and Mary DeSimio. Guy and Nancy were not present. They never appeared at any hearing. And their lawyer? Their lawyer was present. And the lawyer was? It was a firm, Rosenbein and Asaro. There were two attorneys representing the plaintiffs. And had they previously entered an appearance in the case? Yes. On behalf of whom? The attorneys? On behalf of the plaintiffs from the very beginning of the litigation. All four? All plaintiffs. Correct? Correct. All plaintiffs. Okay. Was it at any point during the settlement conference did the attorney say, I'm only representing some of the decidios? The attorney said nothing other than Mr. Bean reciting what was an alleged settlement agreement. Before we get to the settlement conference, you said there was no consent to the magistrate, right? Yes. Well, there is a document that shows a consent signed by counsel for plaintiffs. Is that something ñ is that not correct, that there was a document filed with a consent? At the very beginning, there was, Your Honor. But the parties did not sign that consent. Well, does the rule require the parties to sign it as opposed to their attorney? I think the case is required that they have to expressly authorize consent to appear before a magistrate. I've cited two or three cases. Does it say that the attorneys signing on behalf of the client for the consent to a magistrate is not enough? If the ñ well, you have to question the type of appearance. If it's going to be a dispositive proceeding, then the attorney simply ñ Your Honor, I just said the consent to the assignment of the case to the magistrate. Well, yes. Yes, that's what happened here. So there was a consent by counsel for all plaintiffs. Yes. To assignment to a magistrate. Correct. And that's not an invalid consent, right? Well, what I'm saying ñ well, it would be invalid if the proceeding was going to be a dispositive proceeding. And that's what happened here. Before the magistrate ñ Well, that's what a settlement conference is, isn't it? You kind of go in knowing it might be dispositive. That's correct. Well, the position of at least some of the DiCivio family is that the attorney who appeared at the settlement conference entered into a settlement agreement without their authority. That's correct. And their agreement. Okay. Have they sued him? No. Have they made a complaint with the State Bar? No. Did they ever bring this claim to the attention of the district court? No. Then why should we hear it? Well, first of all, let me ñ I mean, if this is a serious complaint that one or more of the members of this family are saying, if that lawyer went into that settlement conference and reached a settlement agreement and he had absolutely no authority to do it, then they ought to be suing the lawyer and or filing a complaint with the State Bar of California, right? This court should know that it's not that easy to do that mistake. I've been in this business 33 years. You simply don't do it that way. Tell me this. Did they ever write a letter to that lawyer saying ñ Well, two letters to the judge, Your Honor. Did they ever write a letter to the lawyer saying you did something without authority? I don't know that for a fact, Your Honor. I just don't know that. I certainly didn't. But you have separate problems besides the consent. The second problem, which has to be faced by this court, and that is the settlement agreement that was allegedly entered into before the magistrate judge, was pursuant to an order by Judge Breyer based on a motion to enforce that judgment under CCP 664.6, which is a very specific procedure that requires two things to happen. The litigants must personally agree to the settlement either before the court orally or in writing. So if this court is taking the position that, look, Gonzales, they consented, what are they complaining about? What happened at the settlement conference was that the parties were not present, and under California law that's a legal impossibility to bind the litigants. Well, part of your parties were present. The what? Part of your clients were present. Two of them were present. Two were present. They had no authority to represent the other. And they didn't object to it later on the grounds that they didn't agree. They objected to it because the bank wasn't represented or couldn't consent. Well, I don't think they had a – they had no authority or no obligation to object with respect to the other two litigants. Well, the other two never did object. They just never showed up. They just objected because the bank wasn't there. Well, the bank's representative didn't have authority either. So you have the violation of – That's up to the bank to – Excuse me? That's up to the bank to object to that, I suppose, if they thought it was unfair to them. I disagree respectfully with the court. If my clients are going to be bound by that agreement, and it's an agreement that is clearly against their interests, they're not going to accede to the bank's authority. Maybe that was a little confusing. But how can you bind absent litigants to a settlement agreement? It's impossible. You can't do it by way of an agency. The attorney can't do it on his own. Not under the procedure used in this case. You're just saying that the two absentee plaintiffs are the only ones that should not. You're saying they all should because the bank didn't have someone who could consent. That's one reason. But I'm also saying that the court did not have jurisdiction to entertain a dispositive proceeding at the settlement conference, which it ended up being. Because the magistrate judge clearly stated on the record, look, folks, we have a judicially enforceable settlement. The only way anyone can get out of this is if the bank decides to get out of it. So then you run into a problem of mutuality of consideration. The only parties that are bound at all are Mr. and Mrs. DeCivio. Well, that's not what the magistrate said. What? The magistrate said this settlement is final and it's binding but it's subject to one condition, and that is that the board of directors of the bank approve it. I agree. If they disapprove it, there's no agreement. If they approve, it's an enforceable agreement. That's what he said, right? If my clients agreed. Well, as soon as the settlement conference was over, it just came apart. They didn't agree with anything that happened. And I agree with what you said, Your Honor, and that was with respect to they should have done something at least at that point against the attorneys or brought them into the case. They were asking to withdraw from this lawsuit. Consider the scenario that I'm talking about. You've got the attorney firm filing a motion to withdraw. There's still attorneys, though, until that's granted, right? I understand that, but you tell that to the litigant that doesn't know what's happening, and he goes into a settlement conference, and we all know how these things happen. Lawyers talk too much. Judges give them too much. Sometimes they don't give them a lot. Before you know it, the litigant's outside wondering what happened, and he gets roped into a situation. That's why this case came apart when magistrate judge simply denied hearing the motion to withdraw before going into the settlement conference. That was very critical. He should have given them the benefit of the doubt, the plaintiffs, and listened to the motion, given them a 90-day continuance so they could get this thing settled in an appropriate way. But he said, I don't have the power to do that. You're going to have to go back to Judge Breyer. Well, Judge Breyer didn't rule on it either. So you've got litigants that are in the settlement conference that are bound into an agreement that's clearly against their best interest. And keep in mind, this was a representative action. You're affecting 400 other depositors that got nailed by the bank because the trial court found that the bank had breached the savings account agreement in shorting the plaintiffs with interest. So how are you going to handle the 400 other people that are getting roped into the same agreement when it's clearly against their interest? This wasn't a class action, was it? Well, this was a representative action under 17-200 of the business and professions bill. It's essentially the same thing, Your Honor. Just never got to that stage. Okay, counsel. I think we'll save the rest of the time for rebuttal. Can you save the rest of the time for rebuttal? Fine. I will do that. Thank you. Good morning, Your Honors. May it please the Court. Gary Tocamora on behalf of Innovative Bank, formerly known as Bank of Oakland. Your Honors, I will be brief. With respect to the central issues in this case, I believe there are only two, first being the issue of waiver, which I think is primary, and second, the issue of who should be bound by this agreement. First, with respect to the issue of waiver, I believe Your Honor pointed out the critical fact that there was no issue raised by any of the appellants in the trial court as to any lack of authority, any improper actions by the magistrate. And just as an aside, the issue as to the magistrate is simply a red herring. There was consent by all parties to Magistrate Judge Zimmerman sitting for the settlement conference. Pursuant to Federal Rules of Civil Procedure 72, there was no objection filed by any of the decibios. So that entire procedure was proper, and the magistrate judge did have jurisdiction to hear that. But with respect to the issue of waiver, there was no issue raised in the trial court with respect to any of the central issues that are being raised on this appeal. The most important of those, I believe, significant to note, is in the appellant's reply brief at page 3, in the chronology of the events that occurred, the decibios note that they were all aware of the fact that a settlement agreement had been reached before Magistrate Judge Zimmerman. They claimed to have had some issue with it, but the critical fact is that they admit that they knew of this before the motion to enforce settlement was ever filed. So presumably, had they truly had any objection to the settlement agreement as it then stood, once the motion for enforcement was later filed, they could have and should have raised those objections at that time. They did not do so in this case. Well, wasn't their principal objection the fact that they said that your client didn't have full settlement authority or couldn't? I believe that was one of two objections or arguments that they had. What was the other? It escapes me at the moment. I believe it was with respect to the ability of the Magistrate Judge to even entertain the motion or to entertain the settlement conference. With respect to the issue of ability of the bank to settle or the authority of the bank to settle, in their appellant's opening brief, the decibios raised the issue, in particular, California Corporations Code 313, which requires certain officers to sign an agreement to make a binding on a corporation. But if you look at the legislative history and the purpose of that statute, all it is is to create the presumption against the corporation so that anyone suing a corporation which is trying to get out of an obligation will have a presumption against it. This is something to prevent corporations from trying to renege or back out of agreements. In this case, the entire opposite is true. Here the bank has agreed at the settlement conference, agreed to the terms of the settlement, went back to the Board of Directors, the only condition precedent that was required by the terms of settlement, obtained the Board of Directors and the future buyer's approval, and has all along been behind the settlement. This is completely different from any of the cases I believe which have been cited in the appellant's opening brief, which discuss the binding of corporations to settlements, because in those cases corporations were attempting to either get out of settlements or were attempting not to negotiate in good faith in settlement conferences. But here my client did, in fact, negotiate in good faith, did reach a settlement or believed to have reached a settlement and did get all the necessary approvals, and the condition precedent was, in fact, met. What's your position on California Civil Procedure Code 664.6? With regard to 664.6, Your Honor, the first issue I would raise is that there's no question that it would apply to both Louis DeSibio and Mary DeSibio because they were, in fact, present. I believe there is no contention that they were not present. They've admitted being present, and they, in fact, did acknowledge on the record that they had accepted the terms of settlement. With respect to their adult children, who are also plaintiffs, I believe this gets into an area of first impression. While the cases in California have basically said that attorneys cannot bind their clients to settlement agreements, interpreting cases under Section 664.6, there are no cases that address this particular situation. I believe in the decision of Robertson v. Chen, they made note that there are potentially special considerations that may come into play in evaluating this particular statute, and I believe this is one of those situations. Here, and just setting aside the issue of waiver for the moment, which I believe is our primary argument, with regard to the actual substantive issues. How did they waive any rights they might have under 664.6? Well, in two ways. First, there was no objection. Well, two points, basically. First, there was no objection to the motion to enforce settlement based on a lack of authority or the fact that they were not present. And they were represented by two separate sets of counsel, so they had two opportunities. Doesn't the opposition to the bank's motion to enforce the settlement raise the issue that Nancy and Guy DeSivio were not present at the conference, and doesn't it also cite California Civil Procedure Code 664.6? It does, but I don't believe it makes it. The answer to both is yes, isn't it? That is correct. Discreetly, they do both. The answer is yes. Okay. So how do you get the waiver? Your answer to the first one does raise the question? I'm sorry? What were you answering? It cites the code section. It cites the code section. And the opposition made reference to Nancy Jean DeSivio and Guy DeSivio. Not being present. Not being present. It referred to that fact. In the opposition. It referred to that fact. Did it raise the issue? Well, I would disagree with Your Honor on that point, because what it did was. He's asking a fact question, not making an argument. I don't disagree with that. He is making a fact statement that they were not present. That was a fact statement made in the statement of facts in the opposition, that they were not there. But nowhere in the argument was it ever raised or was there any evidence to support the fact that. It's not a question of evidence. The question is, was the issue presented in the opposition? And I believe, Your Honor, the fact was presented. But I don't believe that any argument was made. And I think that's the critical distinction here. Let me see if I understand correctly. The opposition states that Guy and Nancy were not present and cites the civil procedure code. But what you're saying is it doesn't tie the two together and say because they weren't present. And this code section requires their presence and consent. Their attorney is not enough that the settlement is not binding. Is that what you're saying? All of that in a package was not presented to the district court. Is that what you're saying? Could Your Honor repeat that? The fact that Nancy and Guy were not there, that's in the opposition. That's correct. Citation to the code is not there. That's correct. Did the opposition tie those two things together and argue because of their absence and the requirements of the code that the settlement was not binding on them? No. There was nothing tying those facts together. And as Your Honor may recall in our answering brief, we raised that very issue to show the flip side of the situation, which is they knew, their new attorney knew that they were not there and did not raise any objection based on the fact that they were not there. And I believe that supports our position, which had been going into this, into filing the motion to enforce the settlement, which was that there was authority on the part of Louis and Mary DeSibio to enter into the settlement on behalf of Guy DeSibio and Nancy Jean DeSibio. Was that question ever asked at the settlement conference? Your Honor, I believe that yes. Did the magistrate judge ever say, I noticed that a couple of the plaintiffs aren't here? Counsel, do you have the authority to bind them? Parties, do you have the authority to bind them? Was that ever asked? Your Honor, I was not at the settlement conference. My understanding is that it was somehow made clear during the course of discussions prior to going on the record that everyone believed that all the parties there had authority to fully settle the case. Is your answer that the record does not reflect what I just described? That's correct, Your Honor. I don't recall it being anywhere on the record. Your Honor, just one further point with regard to the issue of authority of the parents to set on behalf of their adult children. As I said earlier, there are no cases that address this situation. I believe this is a special consideration case that the Robertson court discusses. It's an unusual situation. And it's also, I guess, amplified by the fact that, as the counsel pointed out, this was an action purportedly based on behalf of the general public. That being the case, there seemingly is no difference in the two decibio plaintiffs who were present entering into an agreement on behalf of their adult children as they were presumably entering into on behalf of the several hundred other account holders. So I think that bolsters the position that there is support for this particular situation in which the parents are binding their children to the settlement. One particular piece of evidence I think is critical is that the settlement calls for cash payments to Guy DeCivio and Nancy Jean DeCivio of $10,000 each. I believe the reasonable inference that can be made from that is that the parents were, in fact, negotiating that term on behalf of their children. Again, in the reply brief filed by the appellants at page 3, they recognized that the sequence of events was that the settlement conference occurred, the decibios, all four of them, were aware of a settlement agreement having been reached and for whatever reasons disagreed. Then the motion to enforce settlement was filed. So clearly all parties were on notice of the fact that the settlement had been reached, yet nowhere has there ever been in the trial court an argument made that either the counsel of record had no authority to sell on their behalf, which we're not arguing here, or that the senior decibios had the authority to sell on behalf of the junior decibios. Do you have adult children? I'm sorry? Do you have adult children? I'm sorry? Do you have any adult children? No, I do not. And, Your Honor, I believe that the reasonable inference from the record, even though it's not expressly stated, was that all parties at the hearing agreed that there was sufficient authority in that room to settle that case. All right.  Thank you, Your Honor. This Court has an obligation to de novo review the district court's application of 664.6. Let me ask you about the waiver point that Judge Hawkins has to opponent about. In the opposition to the defendant's motion for enforcement of settlement, I see A, B, C, seven legal arguments. Can you tell me where any of them refers to the point that only two of the four are signed and, therefore, it's invalid? It is on pay. I was not the trial attorney. That doesn't matter. It's not relevant whether you were the trial attorney. It is a very short statement. It simply says Guy and Nancy were not present at the settlement conference. Yes. That's where you're describing not you, the attorney who handled this, who was also not the trial attorney. That's all that was said, Your Honor. All right. That's all that was said in the statement of facts describing the history of the events. It says the Bank of Oakland seeks to enforce a settlement. That's the way the history starts out. And then it says there was a settlement conference. Two of them were there. Two of them were not. And then it goes on to say they filed a motion to withdraw as attorneys. And then it goes, it's a whole history of what happened, and it mentions in that history that they weren't there. That's the only reference to the issue? Yes. And do you think that that's adequate to raise an issue of the legality of entering into an agreement without their presence? In hindsight, no, because I didn't handle that. No, even in foresight, is that sufficient? Eight legal issues are raised. Seven legal issues are raised, ranging from enforcement of settlement agreements to why the negotiations rendered them void. It's unenforceable because there's no meeting of the minds. It's unenforceable because it's in violation of the standing order. There are seven separate reasons like that. No mention in that whole part of the memo called legal arguments. No mention of this issue, right? I think I did in my brief mention the fact that that statement. This isn't yours. This is Mr. Olson's. Is that. Are you in his office? Pardon me? Is he in your office? Mr. Olson. No. OK. Can I make some a statement that should have some. Let me ask you another question. This opposition to the motion to enforce the father, Mr. Olson. Was he representing all four of the plaintiffs? Yes. OK. You're the third lawyer in this case. Yes. OK. So this is Mr. Olson's opposition for all four. And there's no mention in the opposition of this issue as an issue. Other than that sentence. Yeah. He went into the meeting of the mind situation and so forth. And why a contract was not created. But more important, Your Honor. Nothing's more important than whether the issues. No, no. More important, in my opinion. Yes. With all due respect to the court. You have the defendant's attorney filing a declaration on the penalty of perjury in which he states each party agreed. Each. The parties all entered into the settlement agreement. And the plaintiffs all agreed. Now, that is clearly misleading with respect to Judge Breyer. And, I mean, if Judge Breyer didn't take the time to understand who was present and who was not at the settlement conference, that's clearly steering the court in the direction the defendant wants to steer it in. Which was contrary to my client's best interest. That's not different from any other issue. If it's an issue that the parties know about and they choose not to raise it, it's as if you didn't raise an issue before us. If you were here and you had not made the argument you're making today, but it raised a totally different point. Well, I'm entitled under the law to make that argument and have that court consider that issue now. Even if it wasn't raised at the trial level, the presence of the parties, the application of 664.6, which was faulty with respect to Judge Breyer, and with all due respect, he simply didn't understand 664.6, and that a party must, a party litigant must either sign the settlement agreement and or before the court say, yes, I understand what I'm doing. This is my last chance to come in here and complain about it, and I agree with everything. Now, counsel mentioned a case, Robertson v. Chen, in which that made an exception to, in theory, a parent having the authority to represent their children. Robertson v. Chen is an insurance case, and it speaks directly to insurance adjusters that all the time go to settlement conferences and they're sitting out in the hallway while the judges and the litigant and the attorneys are working on a settlement. They go out there and they say, look, are you going to pay $100,000? Yeah, I've got authority to pay $100,000. Okay, settle. That's how it happens. This is not the same thing. The parents cannot, under California law, settle a case or dismiss a complaint on behalf of their children, period. Can't. It's impossible, and my brief is clear in that respect, and it cites cases. No, but forgetting the settlement conference or anything like that, whether there's any requirement that people be there in person, aside from that, a lawyer who had the authority to act for a client can't? I disagree. A lawyer cannot bind his client. Now, under 664.6, there may be some other way, but this is the only procedure they used. Mrs. Asaro and Mr. Bean did not have the authority to bind their clients. No, I'm not disagreeing with that. I'm just saying that a lawyer normally can act for a client. I understand 666.4, but a lawyer could represent a family and act for all of them. For procedural matters, yes, but not substantive matters. And dismissing a claim has always been held to be a substantive matter. In California, if you are not in court, not a legal proceeding, you have a claim as a result of an accident. I'm sorry. There's a claim as a result of an accident. Somebody goes to a lawyer. The lawyer meets with the insurance company and settles the claim and says, I have authorization for my client to settle it. And something goes wrong, and, no, as a matter of law, he can't do it. Without the client being there personally? That's right. I mean, it just can't. It sounds easy for judges to say, well, you've got a lawyer. He's speaking for you. It might be, but there are certain things that the attorney simply cannot do, good or bad, for the client. And this is one of them. Okay. Thank you, counsel. The case just argued will be submitted.
judges: Reinhardt, Siler, Hawkins